**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

IN RE:

RENICK C. WILLIAM and
BETTY P. WILLIAMS, husband and wife,        BANKRUPTCY CASE NO.: 2:19-bk-00787
                                             (CHAPTER 7)
and

ROBERT R. WILLIAMS
                    Plaintiffs,              ADV. PROC. NO..: 21-_____

v.

PANTHERA ENTERPRISES LLC,
                    Defendant/Debtor.


**COMPLAINT FOR DECLARATORY JUDGEMENT**

Comes now the Plaintiffs, Renick C. Williams, Betty P. Williams, his wife, and Robert R. Williams, by and through their attorney, James E. Smith, II, Esq. and with this Complaint for Declaratory Judgement, would state the following:

## NATURE OF THE ACTION

1) In connection with the Debtor's converted Chapter 7 case, this Complaint seeks a declaration that certain restrictive covenants within the Deed of Conveyance received by the Defendant/Debtor on the 21st day of August, 2013, from Plaintiffs do indeed touch and concern the real estate below mentioned, running with the land, resulting in the inability of the Defendant/Debtor to later convey said real estate free of any such restrictive covenants and encumbrances

## JURISDICTION, VENUE, AND PARTIES

2) The United States Bankruptcy Court for the Northern District of West Virginia has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b) (2).

3) Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4) This adversary proceeding is commenced pursuant to Rule 7001(2) of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), and Section 105(a) of Chapter 11, Title 11 of the United Stated Code (the "Bankruptcy Code"), 11 U.S.C. § 105(a). Declaratory relief is appropriate pursuant to Bankruptcy Rule 7001 and the Declaratory Judgement Act, 28 U.S.C. § 2201.

5) The Plaintiffs, Renick C. Williams and Betty P. Williams, his wife, were the Grantors of real estate located in the Moorefield District of Hardy County, West Virginia, containing 689.40 acres, +/-, of which TENX Group, LLC, the predecessor of the Defendant/Debtor, purchased. A copy that Deed of Conveyance is attached hereto and made a part hereof and labeled Exhibit "A". The Plaintiff, Robert R. Williams, is the designated agent of Renick C. Williams and Betty P. Williams, his wife, as stated in the above-referenced Deed of Conveyance.

6) Upon information and belief, the Defendant/Debtor is a Delaware limited liability company, previously formed as TENX Group, LLC in or about October, 2011.

## FACTUAL ALLEGATIONS

**A. The Debtor and the Procedural Posture of the Case as it Pertains to the Plaintiffs**

7) On September 13, 2019, the Defendant/Debtor filed its voluntary petition under Chapter 11 of the Bankruptcy Code. Thereafter, on July 21, 2020, the proceeding was converted to a Chapter 7 proceeding.

8) On March 29, 2021, Aaron C. Amore, Esq., Court-Appointed Chapter 7 Trustee, filed a Motion for an Order Approving the Sale of the Debtor's Real Property and Novating Certain Government Contracts Free and Clear of Liens, Claims, Interests, and Encumbrances Pursuant to 11 U. S. C. Section 363.

9) Objections to the Trustee's Motion are to be filed on or before April 20, 2021. A video conference/hearing has been scheduled to occur at 9:30 A.M. on April 22, 2021.

10) On even date with the filing of this Complaint, the Plaintiffs have filed an Objection to the Trustee's Motion to Sell.

**B. The Restrictive Covenants Included Within the Parties' Deed of Conveyance.**

11) The following Restrictive Covenants are included within Exhibit "A":

The real estate herein conveyed is also subject to any rights or easements which may affect same and which are of record in the aforesaid Clerk's Office, and it is expressly understood that the parties hereto do mutually agree and the Grantee takes title subject to the following reservations, covenants and restrictions, notice of which is acknowledged by the Grantee upon the delivery and recordation of this deed, and shall be deemed covenants running with the land:

1. The Grantors hereby expressly reserve all minerals, including oil and gas, mineral rights and the rights to the extractions of same, underlying and appurtenant to the subject 689.40 acre tract. The parties acknowledge that there is a current oil and gas lease with Chesapeake Allegheny and conveyance of this real estate is made subject to same. Surface disruption for the purpose of extracting minerals shall be made without the agreement of the surface owner and the title holder of mineral rights.

2. In the event the Grantors herein should purchase adjoining real estate to the subject 689.40 acre tract, they do hereby reserve the necessary easements across the subject 689.40 acres to provide sewer, water, gas telephone and electric service and such additional easements, as my be required to provide for septic, waste disposal, and storm water drainage to meet local and State government requirements, relating to any structures or construction upon such adjoining tract. Said rights of way shall not exceed 20 feet in width, unless required by the service provider. Said rights of way will be 20 feet on either side of Fish Pond Road and 20 feet along property boundaries. The location of the reserved areas shall be made after giving reasonable notice to the Grantee, its successors or assigns, with placement in the least obstructive location as is possible and the Grantee, its successor and assigns shall not unreasonable withhold access to such services by the Sellers.

3. There is an adjoining 18 acres, more or less, parcel, lying along the bounds of "Corridor H", which is the subject of a pending condemnation proceeding by the State of West Virginia, Department of Transportation, and upon completion of the condemnation proceedings, should this 18 acre tract become available for purchase, the Grantee may also purchase such additional acreage for the price of $4,500 per acre. Should said 18 acres become available and the Grantee elects not to purchase same, then the Grantors and their successors in interest, will be given an adequate right of way by the Grantee, or its successors in interest, which right of way area will allow for the construction of a road which satisfies Hardy County subdivision road standards and provides access from Fish Pond Road.

4. The Grantors hereby expressly reserve, for themselves, their heirs, successors in interest and assigns, one half (½) of the unobstructed water flow from the spring situate upon said property, to supply potable water for the use of their adjoining real estate. The Grantee agrees that it shall not restrict the natural flow, nor cause or allow to be caused, any contamination of the tributaries to Anderson Run, by any operations upon the subject property and shall take all proper precautions to protest the water source in compliance with federal, state and local laws, statues, ordinance, rules and regulations relating to liability for, or cost of other actual or threatened danger to human health or the environment, including, without limitations, laws relating to emissions, discharges, disposal practices, or release of regulated materials into the environment, including, without limitation, ambient air, indoor air, surface water, ground water, land surface of sub-surface strata, or otherwise relating to the manufacture, processing, distribution, use, treatment, storage, disposal, transport or handling of regulated materials.

In addition thereto, either party, that being the Grantor, Grantee, or their successors in interest, may develop the spring to service acreage owned by the respective parties hereto. Then, and in such event, the party or parties desiring to so develop the spring, shall share on a pro rata basis, the cost of such development and maintenance of the facility based upon their respective usage. In either event, the Grantee, its successors and assigns, agrees it shall grant easements for the spring development including land for collection, treatment and holding facilities. Easements of 20 feet in width will also be granted for utility lines necessary to operate the facilities and utility lines used to disseminate water to Fish Pond Road along existing road or by following the edge of the stream bed. Location of these facilities and utility easements must be granted in such locations as to prevent incurring unreasonable expense in developing the spring.

5. The Grantors shall have a period of one (1) year from date of conveyance to remove the 40 foot culvert, the cabin, barn and stone foundation and structure of an old dwelling house, and grainery, situate upon the subject 689.40 acre tract.

6. It is understanding of the parties hereto that the Grantee shall operate a facility upon the subject real estate to provide training for security personnel from the State Department, Department of Homeland Security, Department of Defense, Law Enforcement and Defense contractors, and any substantial change in use of the property following the execution of this sales agreement and thereafter, must first be authorized by the Grantors and/or their then surviving children.

7. Should the Grantee, or its successor in interest, desire to sell or otherwise transfer all or any portion of the subject real estate to a disinterested third party (which term shall not include any parent or subsidiary corporation or entity associated with TenX Group, LLC) as evidenced by a bona fide written offer received from such third party, which offer shall be kept strictly confidential between the parties hereto, then prior to so doing, they shall offer to the said Renick C. Williams, Betty P. Williams, or any of their then surviving children, the real estate at such price and upon such terms and

conditions no less favorable than those which it was willing to accept from the disinterested third party. Such offer by the Grantee to sell or transfer shall be in writing and shall contain a copy of the written offer by such third party, and shall be sent to the Grantors or their surviving children, by certified mail to their designated agent, Robert Williams at P.O. Box 122, Moorefield, West Virginia 26836. The Grantors, their children or any business entity in which those parties are an owner or member, shall have fifteen (15) days from the date of mailing of such notice within which to give notice of any intent to exercise this right of first refusal and thirty (30) days within which to provide verification of their financial ability to exercise this option. Should any person/party exercise this right of first refusal, he/she/it shall be under a duty to comply with and assume each of the terms and conditions of the written offer to sell which the Grantee, or its successor in interest, has received from the third party. This right of first refusal shall be subordinate to the right of the Grantee to obtain financing, using the subject property as security, for said loan, and the signatures of those persons having the right of first refusal shall not be necessary upon any instrument required by a lender in order to obtain such loan.

8. In the event the sale of the subject 689.40 acre tract is completed, thereafter, should be said TenX Group, LLC, after having given the Grantors or their children opportunity to exercise their right of first refusal set forth above, sell any interest in the assets (including real and personal property) and operation of that business and property (real and personal) known as Panthera Training Center, LLC, the Grantors, their heirs or assigns, shall receive five percent (5%) of the greater of, gross sales proceeds received or gross value of assets transferred, as a part of said transaction(s), not to exceed One Million Dollars ($1,000,000.00) in total.

9. The Grantee shall adhere to all terms and conditions as approved by the Hardy County Planner's Office, as testified to and documented by the Hardy County Board of Appeals at its May 29, 2009 meeting, regarding to operation of their facilities upon this real estate. Any variance from the application which was previously approved by the County authorities must be properly applied for through the Hardy County Planner's Office, with notice thereof to the Grantors. This condition shall include all limitations and representations (both written and oral) made to the Hardy County Planner's Office regarding night driving, shooting, caliber of guns and size of explosives.

10. The Grantee agrees that it shall comply with all applicable Federal, State and local laws, ordinances, rule and regulations having jurisdiction over the subject property, including applicable environmental hazardous water or substances, and underground storage laws and for any Department of Environmental Protection work not completed at time the sale is complete.

Conveyance of the afore described real estate is make subject to any and all restrictive covenants or provisions which are duly recorded in the Office of the Clerk of County Commission of Hardy County, West Virginia.

12. The Trustee has failed to acknowledge any of these restrictive covenants. By the plain interpretation of the Motion for an Order Approving the Sale of said real estate, it is the intent of the Trustee to completely excise all of these restrictive covenants from any sale. Among the plethora of the above-referenced restrictive covenants the Trustee seeks to obliterate, two are of utmost importance; the right of first refusal of the Plaintiffs, their children and successors, to match the sales price in no less favorable terms, and upon a later sale, the Plaintiffs, children, and successors shall receive five percent (5%) of the greater of, gross sales proceeds received or gross value of assets transferred, as a part of said transaction(s), not to exceed One Million Dollars ($1,000,000.00) in total.

## **CLAIM FOR RELIEF**

13) The allegations set forth above are incorporated herein by reference.

14) An actual legal and substantial controversy exists between the parties regarding whether the above referenced restrictive covenants do indeed touch, concern, and run with the land and further, whether the Plaintiffs and their heirs, successors and assigns, are entitled to the benefit of such restrictive covenants. This controversy is of sufficient immediacy to warrant judicial relief under the Declaratory Judgment Act, 28 U. S. C. Sections 2201-2.

15) The Plaintiffs aver that under West Virginia law, the Deed of Conveyance has created the referenced restrictive covenants and they indeed touch, concern and run with the real estate.

16) The Plaintiffs are entitled to a declaratory judgment that the Deed of Conveyance has created the referenced restrictive covenants and they indeed touch, concern and run with the real estate and they are entitled to the benefits out of which they were created.

17) Such a declaration will serve the twin interests of judicial efficiency and cost effectiveness by terminating the substantial and actual controversy between the parties, or resolving some part of it. It will also serve a useful purpose by enabling the Court to determine the appropriate terms and means under which any proposed future sale should proceed.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs pray for the following:

1) That this Honorable Court accept this Complaint as being timely filed;

2) That this Honorable Court grant the Complaint for Declaratory Judgement, based upon the grounds stated herein and declare that the above-referenced restrictive covenants touch, concern, and run with the land ;

3) For an award of damages sustained by the Plaintiffs in prosecuting this adversarial proceeding;

4) For an award of attorney fees and,

5) For such other relief as this Honorable Court deems equitable and just.

                    RENICK C. WILLIAM and BETTY P.
                    WILLIAMS, husband and wife ROBERT R.
                    WILLIAMS, PLAINTIFF, BY COUNSEL

_____
James E. Smith II, Esquire
West Virginia Supreme Court I. D. No.: 5447
122 East Street; P.O. Box 127
Keyser, WV 26726
304.788.3478; 301.786.7201
attjes2esq@gmail.com
Counsel for the Plaintiffs